## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FLOYZEL HASTINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-23-989-PRW |
| SAM'S WEST, INC., d/b/a SAM'S CLUB, | ) | |
| also known as Oklahoma City Sam's | ) | |
| Club No. 4731, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant Sam's West, Inc.'s ("Sam's") Motion for Partial Summary Judgment and Brief in Support (Dkt. 12). Plaintiff Floyzel Hastings has filed a Response (Dkt. 20).

### *Background*

This case arises from a slip and fall. Plaintiff alleges that there was water on the ground near the exit of the Oklahoma City Sam's Club store, which caused Plaintiff to slip and fall as he was leaving the store. He suffered injuries to his left shoulder and back.

Plaintiff brought suit in the District Court of Oklahoma County against Sam's West Inc., doing business as Oklahoma City Sam's Club No. 4731, alleging claims of negligence

and loss of consortium.[1] Plaintiff seeks both compensatory and punitive damages.[2] Sam's removed to this Court on the ground of diversity of citizenship jurisdiction (*See* Dkt. 1). Sam's now moves for partial summary judgment on Plaintiff's claim for punitive damages.

### *Legal Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A genuine dispute exists if a reasonable juror could return a verdict for either party.[4] A fact is material if it "might affect the outcome of the suit under the governing law."[5] Summary judgment is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[6]

### *Analysis*

Under Oklahoma law, there are two circumstances that might warrant an award of punitive damages, as set forth by statute.[7] Defendant Sam's argues that it is entitled to

---

[1] Sam's states in its Motion that it was incorrectly named in this action and is actually Sam's East, Inc. (Dkt. 12), at 1.

[2] Pl.'s Pet. (Dkt. 1-2), ¶ 23.

[3] Fed. R. Civ. P. 56(a).

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Id.*

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[7] *See* OKLA. STAT. tit. 23, § 9.1(B)(1), (C)(1), (D)(1); *Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993) ("As the statute expressly states, only specific types of behavior will permit the award of punitive damages.").

partial summary judgment on Plaintiff's claim for punitive damages because there is no evidence to support either of those circumstances in this case. And Plaintiff concedes this point. Thus, partial summary judgment is warranted on Plaintiff's claim for punitive damages.[8]

### Conclusion

Accordingly, Sam's Motion for Partial Summary Judgment (Dkt. 12) is **GRANTED**.

**IT IS SO ORDERED** this 13th day of January 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[8] *See Estrada v. Port City Props., Inc.*, 258 P.3d 495, 505 (Okla. 2011) (finding that it was error for the trial court to submit the issue of punitive damages to the jury when "there [was] simply no evidence sufficient to support a claim for punitive damages.").